CARSON DANIEL ET AL. *v.* JOSEPH ULMAN.

**Fraudulent Conveyances—Disposal of Property With Fraudulent Intent.**
The evidence was held to show that at about the time of the attachment of defendant's property, he was about to dispose of his property with the intention to defraud his creditors, and delay them in the collection of their debts.

APPEAL FROM McCRACKEN CIRCUIT COURT.

January 12, 1874.

OPINION BY JUDGE LINDSAY:

During the months of October and November, 1872, Ulman purchased over $1,800 worth of goods. In January, 1873, he purchased a bill of $647. If his stock on hand the 1st of Oct., 1872, be estimated as low as $500, it will result that during the four months named he had in his possession near three thousand dollars worth of goods. His invoice when the goods were attached showed that he then had on hand, goods amounting to $1,106.06. He had, therefore, between Oct. 1, 1872, and Feb. 3, 1873, disposed of, at cost price, $1,900 worth of his stock. Allow $100 per month for his family expenses, which is more than he claims they amounted to, and there is $1,400 unaccounted for. It is true he claims to have been paying his debts, but he fails to point out who he paid, and the amount of the payments.

Take another view. His books show that in Oct. and Nov., 1873, his cash sales were $1,200. He says he sold $50 per month in Dec., 1872, and Jan., 1873. It is shown that in addition thereto he sold of the single article of coffee, in January, $80 worth. These cash sales foot up $1,380. Credit him by $500 family expenses, and $880 amount unaccounted for.

It is palpable, however, that he must have sold more than $50 per month during December and January. But concede that he did not. The fact that he fails to account for so large a sum of money, upon the one hand, or so large an amount in value of goods upon the other, and also that his books have been mutilated so that his transactions in December and January cannot be ascertained from them, leads the mind irresistibly to the conclusion that he has been and was about, at the time the attachment was sued out, to

sell his goods with intent to defraud his creditors, and to delay them in the collection of their debts.

The judgment dismissing the order of attachment is reversed, and cause remanded with instructions to sustain the same, and to apply the proceeds of the attached property, or so much thereof as may be necessary, to the payment of appellants' claims.

This conclusion avoids the necessity for deciding the question raised by appellee as to the propriety of rendering the personal judgments after discharging the order of attachment.

*Bigger & Moss, for appellants.*

*Marshall & Bloomfield, for appellee.*